UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

DAVID B. DOUGLAS                                                         PLAINTIFF

v.                                         CIVIL ACTION NO. 4:10-CV-140-M

JOHN KAZLAUKAS et al.                                     DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, David B. Douglas, filed a *pro se*, *in forma pauperis* complaint under Title VI of the Civil Rights Act of 1964 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff sues John Kazlaukas, Glen Skeens, the City of Owensboro, and the Owensboro Police Department (OPD). It appears that formerly he was employed by the OPD, and that while employed there he filed a discrimination complaint about "A. Black officers assigned to black areas[;] B. Racialism material on station relating to Blacks as porch monkeys[;] C. Documented." His employment with OPD apparently was a number of years ago, as his next allegation is that after resigning from the OPD an OPD officer falsely reported to a resident of another house on December 24, 1987, that Plaintiff's house had been burglarized. He next alleges several incidents involving the OPD between 1999 and 2008. The final two incidents about which he complains occurred in July and November 2010.

In the portion of the complaint in which Plaintiff must state the grounds for filing suit in federal court including federal statutes and constitutional provisions, he states that he is bringing this action under Title VI of the Civil Rights Act of 1964. He asks for monetary damages for his

stress, high blood pressure, his mental and physical health, and defamation.

## II. <u>ANALYSIS</u>

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Title VI of the Civil Rights Act of 1964 provides: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the

benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." Title VI does not have its own statute-of-limitations period; instead, it borrows the state's personal injury limitations period. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 729 (6th Cir. 1996) (state personal injury limitations period applies in Title VI cases). In Kentucky, personal injury actions are limited by the one-year statute of limitations found in KY. REV. STAT. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.* at 183. Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 38 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Only the two most recent incidents about which Plaintiff complains occurred less than one year from filing the complaint. Therefore, the Court will dismiss all of the other of Plaintiff's allegations as time-barred.

The Court will now consider the two allegations not barred by the statute of limitations. First, Plaintiff alleges that on July 18, 2010, Stephanie Hale entered and stole Plaintiff's bank card. Plaintiff alleged that he called and reported the theft to OPD. He states that Hale used his card to withdraw money. He then states:

> on 7/20/2010 narrator of O.P.D. states Plaintiff stated person(s) unknown took Debit card! Not true! O.P.D. Officers treat case as not a case of fraud. Even though bank BB & T supply pictures of Hale making transactions with stolen card to OPD officers! Investigators for the bank (BB & T) did rule it a case of fraud. OPD officers did manage to take a warrant for Hale in the case of

3

> the stolen camera with the help of statements taken by officer
> correctly from Plaintiff.

Plaintiff also alleges that on November 18, 2010, he was advised to file papers to open a record on assault #2037089 and was told that he would be called in three days, but as of the date of filing his complaint (about 11 days later) OPD had failed to contact him and therefore "may have failed to comply with Kentucky Open Record Statutes."

These allegations fail to state a claim under Title VI since he has not alleged that the actions of OPD were taken because of his race. *Marshall v. Burns*, No. 2:08-CV-331, 2010 WL 4867607, at *2 (E.D. Tenn. Nov. 23, 2010). Legal conclusions alone are not sufficient to present a valid claim, and this Court is not required to accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *see Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971) ("A pleading will not be sufficient to state cause of action under Civil Rights Act if its allegations are but conclusions.").

Plaintiff's allegations also fail to state a claim because to maintain a private right of action because under Title VI, Plaintiff must make a threshold showing that the entity in question receives federal financial assistance. *See Buchanan v. City of Bolivar, Tenn.*, 99 F.3d 1352, 1356 (6th Cir. 1996). Plaintiff does not allege, nor can it be liberally construed from the complaint, that the OPD receives federal financial assistance. Nor does Plaintiff allege, nor can it be liberally construed from the complaint, that he was excluded from participating in, or denied the benefits of, any program funded by federal assistance. Only a program which actually benefits from federal financial assistance is subject to Title VI regulations prohibiting discrimination. *See e.g., Grove City College v. Bell*, 465 U.S. 555 (1984) (superseded in part by the Civil Rights Restoration Act of 1987, Pub. L. No. 100-259, 102 Stat. 28 (1988)); *David K. v. Lane*, 839 F.2d

1265, 1275-76 (7th Cir. 1988) (there must be a nexus between the federal funds and the actions challenged). Plaintiff has provided no information from which it may be concluded that the OPD receives federal financial assistant or that Defendant's alleged actions were based on any racially motivated discriminatory animus.

## III. CONCLUSION

For the foregoing reasons, by separate Order, the Court will dismiss the instant action.

Date:


cc: Plaintiff, *pro se*
 Defendants
4414.009